UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

**DECISION AND ORDER**
12-CR-84-A

v.

HAROLD HOWARD,

Defendant.

The defendant, Harold Howard, has moved pursuant to Rule 33 of the
Federal Rules of Criminal Procedure for a new trial after a jury convicted him of
narcotics-trafficking and firearms offenses.  Defendant Howard contends that a
co-conspirator's hearsay statements were improperly admitted into evidence
during the trial and that his counsel's efforts to impeach the co-conspirator's
testimony were improperly restricted by the Court.  The defendant also contends
two witnesses committed perjury.  The United States disputes the claims of error
and allegations of perjury.

The Court heard oral argument on April 22, 2013.  For the reasons stated
below, the Court finds no miscarriage of justice.  Defendant Howard's motion for
a new trial under Fed. R. Crim. P. 33 is therefore denied.

## BACKGROUND

Defendant Howard was charged in a five-Count Indictment returned on
March 6, 2012 with narcotics-trafficking and firearms offenses.  Count 1 charged

the defendant with conspiracy, from approximately November,2008, through about November 16, 2011, to possess with intent to distribute and to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. Count 2 charged the substantive offense of possession with intent to distribute 500 grams or more of cocaine on November 16, 2011 in violation of 21 U.S.C. § 841(b)(1)(B). Count 3 charged possession of a firearm in furtherance of the narcotics-trafficking crimes in Counts 1 and 2 of the Indictment in violation of 18 U.S.C. § 924(c)(1). Count 4 charged the defendant with being a previously convicted felon who possessed a firearm and ammunition on November 16, 2011 in violation of 18 U.S.C. § 922(g)(1). Count 5 charged the defendant with possession of an unregistered fully-automatic machine gun on November 16, 2011 in violation of 26 U.S.C. §§ 5845(a)(6) and 5861(d).

The Court presided over defendant Howard's seven-day trial in February, 2013. On February 14, 2013, the jury returned verdicts convicting defendant on all five counts in the Indictment. On March 5, 2013, defendant timely filed a motion for a new trial under Fed. R. Crim. P. 33.

Defendant Howard argues a new trial is necessary because a critical witness against him, an alleged co-conspirator named Myron Johnson, testified as to hearsay that was not properly found to be within any exception to the hearsay rules. The defendant argues the totality of the evidence against him was legally insufficient to support his convictions without inadmissible hearsay

testimony of Myron Johnson.

Defendant Howard also argues the Court erred when it did not allow defendant's counsel to play for the jury during cross examination of Myron Johnson a recording of Johnson speaking to a friend of defendant Howard's during a telephone call from a jail where Johnson was in pretrial detention. The defendant argues the Court further erred when it did not order Myron Johnson to identify other co-conspirators during cross-examination when Johnson refused to identify anyone and eventually purported to assert a Fifth Amendment privilege against doing so.

Finally, defendant Howard argues that Myron Johnson committed perjury during the trial when he testified that utility service had not been turned on at 93 Elmer Street, Buffalo, New York, and that Erie County Sheriff Deputy Timothy Carney also committed perjury when Deputy Carney testified that he found a rental car agreement for a Kia Sportage in a Hummer truck registered to the defendant. The United States disputes all the claimed errors and allegations of perjury.

## DISCUSSION

The standard for granting a new trial under Rule 33 of the Federal Rules of Criminal Procedure is a general one: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." *Id.* It is well settled that "Rule 33 confers broad discretion upon a trial

court to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992).

Defendant Howard's primary argument in support of a new trial is that insufficient evidence linked the defendant to the narcotics-trafficking conspiracy charged in Count 1 of the Indictment because incriminating testimony of alleged co-conspirator Myron Johnson was not properly admitted into evidence. The argument is without merit.

During the trial, the Court admitted into evidence substantial evidence of seizures of cocaine, narcotics-trafficking paraphernalia, and firearms in circumstances linking defendant Howard to the charged conspiracy and strongly corroborating the testimony of Myron Johnson about Johnson's and the defendant's participation in the cocaine-trafficking conspiracy. For example, evidence showed that, on November 16, 2011, the defendant arrived at 43 Ruspin Street in Buffalo while a search warrant was being executed. The vehicle the defendant was driving contained a quantity of cocaine packaged for sale. A search warrant was obtained for a Hummer truck identified as defendant's in a garage at 93 Elmer Street in Buffalo later on November 16, 2009, and approximately three kilograms of cocaine, three loaded firearms, including a fully-automatic machine gun, were seized from the truck. There was more that adequate evidence, including evidence proffered in the United States' pretrial

memorandum and eventually introduced at trial, to support the Court's preliminary findings during the trial by the applicable standard of proof that Myron Johnson's testimony recounting out-of-court statements during and in furtherance of the alleged cocaine-trafficking conspiracy alleged in Count 1 of the Indictment was admissible testimony under Federal Rule of Evidence 801(d)(2)(e).

For reasons also adequately stated during the trial, the Court finds that it properly excluded from evidence a recording of a cryptically-worded telephone call between Myron Johnson and a friend of defendant Howard's that defendant's counsel sought to admit into evidence during the cross examination of Johnson. The defendant correctly points out that Myron Johnson was able to authenticate the voices recorded on the call. The defendant seems to contend that the call contained a more accurate portrayal of Myron Johnson's role in the conspiracy with defendant, but the call was far from clear and was potentially confusing to the jurors. In lieu of playing the call, the defendant was given free reign to cross examine Johnson on all the topics addressed during the recording.

Defendant Howard's counsel was also advised during the trial that he could renew the request to introduce some or all of the recording into evidence if an inconsistent statement was elicited from Myron Johnson during cross-examination. Defendant's counsel did not elicit a material inconsistency between Myron Johnson's statements during the recorded call and his statements during cross-examination. Defendant's counsel declined to renew the request to

introduce the recording of the call, or part of it, during or after the cross examination of Myron Johnson. Because the recording would have been confusing to the jury and would have not contributed to defendant's counsel's attempts to impeach Myron Johnson during cross examination, it was properly excluded from evidence.

Also during cross examination of Myron Johnson, defendant Howard's counsel sought to elicit testimony from Johnson of the names and addresses of all other persons who participated in the conspiracy to distribute cocaine with Johnson and the defendant. Myron Johnson answered that he was reluctant to identify others. Myron Johnson expressed fear for himself and refused to identify anyone else. After Myron Johnson was pressed further by defendant's counsel to name other participants in the conspiracy, Johnson refused again by purporting to invoke a Fifth Amendment privilege.

Defendant Howard's counsel sought an immediate order from the Court directing Myron Johnson to identify any other participants in the conspiracy. Counsel made no proffer of the expected results of this line of cross examination. The Court responded to the request that Myron Johnson be ordered to answer defense counsel's questions by stating that the witness had answered by refusing to answer. That particular line of cross examination ended.

Whether Myron Johnson was willing to name others in the cocaine-trafficking conspiracy was a general test of his credibility. It did not bear directly

on the many specific details of his testimony about defendant Howard's participation in the conspiracy with Johnson. Defendant's counsel had numerous other avenues available to confront and challenge the testimony of Myron Johnson concerning the specific details of his testimony and he could have used Johnson's refusals to identify other conspirators in follow-up questioning to try to establish that the line of cross examination was more significant. Counsel elected instead to argue to the jury in his closing argument that Myron Johnson's refusals to identify other conspirators made Johnson's testimony unworthy of belief. This was likely more damaging to Myron Johnson's credibility than directing Johnson name other participants, without more, would have been.

Even now, defendant Howard proffers no reason that Myron Johnson's testimony of the identities and addresses of other co-conspirators would have potentially impeached Johnson's credibility regarding the details of his testimony about his role and the defendant's role in the conspiracy. It was a proper exercise of authority over the mode of cross examination under Fed. R. Evid. 611 to decline, on the record before the Court, to summarily order Myron Johnson to answer questions asking him name other participants in the conspiracy or to strike Johnson's testimony.

Finally, "[t]he Second Circuit has cautioned that motions for a new trial are generally not favored. Even where there are allegations of trial perjury by a government witness, such motions should be granted only with great caution and

in the most extraordinary circumstances.  The threshold inquiry in such cases is whether the evidence demonstrates that the witness did in fact commit perjury.  If so, then whether to grant a new trial on that basis depends on the materiality of the perjury to the jury's verdict and the extent to which the prosecution was aware of the perjury.  Even where courts in this Circuit have clearly identified perjured testimony, they have refused to grant a new trial unless the court could find that the jury probably would have acquitted in the absence of the false testimony."  *U.S. v. Donald*, 669 F. Supp. 2d 336, 339 (W.D.N.Y. 2009) (internal quotation marks and citations omitted).

Here, defendant Howard's arguments about perjury repeat credibility arguments made to the jury at trial.  A reasonable jury could have decided that Myron Johnson was mistaken about whether utilities services had been activated at 93 Elmer Street.  Deputy Carney could have been mistaken when he did not note in reports or other records finding a rental agreement to the Kia Sportage in the defendant's Hummer, or he could have been mistaken about where he located the agreement.  The witness' memories may have been wrong without the witness having intentionally offered false testimony.  *See U.S. v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992) ("It is only in the rare instance where it can be shown that the prosecution knowingly used false testimony that we would apply a less stringent test and permit the granting of new trial where the jury 'might' have acquitted absent the perjury.  There is nothing whatsoever in the record before us

in this case to indicate that the prosecutor knowingly used false testimony to convict [defendant].") (citations omitted).  In any event, even if the Court agreed with defendant that witnesses testified falsely, a reasonable jury could have credited other substantial evidence of defendant's participation in the cocaine-trafficking conspiracy.  Under these circumstances, defendant's arguments amount to a disagreement with the credibility findings that the jury reasonably made.  The Court finds no miscarriage of justice on that basis.

## CONCLUSION

For all of the foregoing reasons, the Court denies defendant Harold Howard's motion pursuant to Fed. R. Crim. P. 33 for a new trial.


SO ORDERED.

_s/ Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: June 7, 2013